UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LATEARRA KINNARD, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:18-CV-4038 |
| | ) |
| INDIANAPOLIS PUBLIC TRANSPORTATION | ) |
| AUTHORITY d/b/a INDYGO, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Latearra Kinnard ("Kinnard"), by counsel, brings this action against Defendant, Indianapolis Public Transportation Authority d/b/a IndyGo ("Defendant"), and shows as follows:

**OVERVIEW**

1. This is an employment discrimination action (disability) brought by Kinnard against Defendant alleging that she was discriminated against because of her disability as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

**PARTIES**

2. At all relevant times Kinnard lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Kinnard, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Kinnard is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

**JURISDICTION AND VENUE**

6.	This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7.	Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8.	Kinnard properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability.  A notice of suit rights was issued on September 25, 2018, and Kinnard now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8.	Kinnard applied for a position as a Fixed Couch Route Operator in September or October 2017.

9.	Kinnard was selected for an interview and participated in an interview on or about November 30, 2017.

10.	Kinnard suffers from one or more conditions that qualify her as disabled under the ADA.  These conditions are permanent and substantially limit her in one or more major life activities.  Alternatively, Kinnard has a history of being disabled and/or Defendant regarded Kinnard as being disabled.

11.	During the interview process, Kinnard was offered a position with IndyGo.  The discussion turned to training.  Kinnard was advised she would have to participate in mandatory training that began on December 4, 2017.

12. Kinnard advised her two interviewers that she could not start training that quickly as she was scheduled for surgery for her disability. Kinnard disclosed her disability to the interviewers at that point.

13. Thereafter, the interviewers told Kinnard that Human Resources would be in touch to discuss alternate training dates with her.

14. Human Resources send an email to Kinnard advising that she was no longer a viable candidate for the Fixed Route Couch Operator position.

15. Defendant rescinded its offer to Kinnard only after and because Kinnard identified herself as suffering from a disability.

16. Kinnard has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

17. Kinnard incorporates by reference paragraphs one (1) through sixteen (16).

18. Defendant discriminated against Kinnard by rescinding a job offer because of Kinnard's disability, Kinnard's record of having a disability and/or because agents of Defendant perceived Kinnard as being disabled.

19. Kinnard has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Latearra Kinnard, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Kinnard the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b) An Order awarding Kinnard compensatory and punitive damages for an intentional

violation of her rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:     (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff